UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:25-cr-4-TPB-PRL
    18 U.S.C. § 2252A(a)(5)(B)

JORDAN DAVE PERSAD

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Between on or about October 10, 2023, and on or about February 17, 2024, in the Middle District of Florida, and elsewhere, the defendant,

**JORDAN DAVE PERSAD**,

did knowingly possesses any material that contains an image of child pornography, that is a visual depiction, including any photograph, film, video, picture, and computer and computer-generated image and picture of sexually explicit conduct, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## COUNT TWO

On or about February 17, 2024, in the Middle District of Florida, the defendant,

## JORDAN DAVE PERSAD,

being an inmate of a prison, namely Coleman Federal Correctional Complex, knowingly possessed a prohibited object, namely, a cellular telephone.

In violation of 18 U.S.C. § 1791(a)(2) and (b)(4).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2252A(a)(5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, a Rose gold iPhone that was seized from the defendant on or about February 17, 2024:

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Hannah Watson
Assistant United States Attorney

By: _____
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
January 25

No. 5:25-cr-

UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

JORDAN DAVE PERSAD

SUPERSEDING INDICTMENT

Violations:   18 U.S.C. § 2252A(a)(5)(B)

A true bill,

███████████████████
Foreperson

Filed in open court this 7th day

of January 2025.

_____M Taylor_____
Clerk

Bail $_____

GPO 863 525